The Honorable Bruce Maloch State Representative 650 Columbia Road 258 Magnolia, Arkansas 71753-8599
Dear Representative Maloch:
I am writing in response to your request for an opinion regarding the following question:
In the Second Extraordinary Session of the 84th General Assembly, Act 107 was passed, which in part, levied a sales tax on the service of "collection and disposal of solid wastes." (See Ark. Code Ann. §26-52-316.) It is my understanding that entities that were already under a fixed-price, written contract for these services at the time the change to the law went into effect were not assessed sales tax for the duration of the contract.
My question concerns an entity that was already under a fixed-price, written contract for the collection and disposal of solid waste services at the time the tax was levied and wants to extend that contract which is set to expire on August 1, 2007. When the contract is extended, will the entity be assessed sales tax or since it is a continuation of the preexisting contract which was entered into prior to the effective date of Act 107, will sales tax not apply to those services" Are there any circumstances under which a taxpayer could extend a preexisting contract and not be assessed sales tax on the services enumerated in Ark. Code Ann. § 26-52-316"
RESPONSE
The first question you pose is addressed in a regulation of the Department of Finance and Administration, the relevant portion of which is discussed below. The resolution of the question with regard to individual entities will depend upon the content of that entity's particular contract. Factual questions in this regard are properly resolved by the Department of Finance and Administration. Other than pointing you to one potentially pertinent portion of the regulation, I must decline to respond to your second inquiry because it will depend on the language of the particular contract and other factual matters. Moreover, analyzing this issue will require this office to give an opinion to a private entity that would be more appropriately addressed by private counsel.
Question 1 — When the contract is extended, will the entity be assessed sales tax or since it is a continuation of the preexisting contract which was entered into prior to the effective date of Act 107, will sales tax not apply to those services"
Act 107 of the Second Extraordinary Session of 2003, codified at A.C.A. § 26-52-316, made a number of additional services, including the "collection and disposal of solid wastes, subject to the Arkansas Gross Receipts Act of 1941. See A.C.A. § 26-52-316(a)(2) (Supp. 2005). The Act was effective on July 1, 2004. See Act 107, § 6. Notwithstanding this effective date, the applicable regulations of the Department of Finance and Administration provide as follows with regard to imposition of the tax on the new services:
Although the sales tax on each of the services in this regulation is effective July 1, 2004, some written contracts providing for these taxable services may be exempt if certain requirements are met. A preexisting fixed price, fixed term written contract entered into before July 1, 2004 that precludes rate increases during the term of the contract would require the taxpayer to absorb the tax due from July 1, 2004 to the end of the contract term. Accordingly, contracts that meet the following conditions are not subject to the tax until the contract is modified or renewed:
The contract is for a fixed period of time;
The contract cannot be terminated at will but may only be terminated for stated causes; and
The price for services is fixed by the contract, and the service provider is barred by the terms of the contract from increasing the price or including additional charges such as increased tax in its billings.
However, if the terms of the contract allow the service provider to pass the tax along to the customer, then the contract will be taxable. The exemption for fixed price, fixed term contracts does not apply to month-to-month contracts.
Any contract that provides for automatic renewal upon payment by the customer of the annual renewal fee at the same rate as provided in the original contract is not taxable until a renewal period that allows the service provider to adjust the renewal price.
Regulation 2004-1 (Department of Finance and Administration, Sales and Use Tax Section). (Emphasis original.)
The question of whether the "extension" of a particular entity's contract will be taxable or non-taxable is one of fact that is properly determined by the Department of Finance and Administration under the rule above. I and my predecessors have stated many times that the Attorney General, in the issuance of official Attorney General opinions, is not authorized as a fact-finder. In addition, my predecessors and I have noted many times that the power to determine issues relating to imposition of the Arkansas Gross Receipts Tax is vested in the Revenue Division of the Department of Finance and Administration. See Gross Receipts Tax Regulations 2006-9, GR-75(E) (2006) ("Opinions issued by any other agency, whether formal or informal, are not binding on the Department of Finance and Administration, Revenue Division"). I therefore suggest that the affected entity submit its question to the following office:
Arkansas Department of Finance and Administration Sales and Use Tax Division Post Office Box 1272 Little Rock, AR 72203-1272
Question 2 — Are there any circumstances under which a taxpayer could extend a preexisting contract and not be assessed sales tax on the services enumerated in Ark. Code Ann. § 26-52-316"
The answer to this question will necessarily depend upon the language of the contract in question, as well as other facts. Of primary importance is whether the contract prohibits an increase in rates once it is extended or renewed. However, as with your first question, I am not empowered to undertake efforts to ascertain these facts. Moreover, providing an opinion with regard to the tax obligations of a particular private entity constitutes, or at least verges on, the private practice of law by this office, which is prohibited by law. See A.C.A. §25-16-701. The entity in question would be better served by obtaining advice of private counsel.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General *Page 1